RICHARD S. ARNOLD, Chief Judge,
dissenting.
I can agree that plaintiff has failed to establish a violation of those aspects of the Due Process Clause of the Fourteenth Amendment that have been particularized as the rights of intimate association and marital privacy. But Mr. Singleton makes an additional argument that the Court’s opinion fails to address. He claims (and the City admits) that he was fired solely because of what his wife said to his daughter on the telephone. He argues that this “is precisely the kind of arbitrary and capricious logic that fails to pass even the most relaxed scrutiny ... under substantive due process.” Brief for Appellant 15. The Due Process Clause stands as a protection against all purely arbitrary governmental action — for example, a rule *636 against hiring anyone whose name begins with “A.” In my view, it is this more general aspect of substantive due process that provides plaintiff with a winning argument.
In our legal tradition, fault is individual. A is not punished for what B does, let alone for what B says. Is the situation different when A and B are married? At common law, it was. If a wife committed a crime in the presence of her husband, she was presumed to have acted at his direction, and he was held responsible. Presumably any such rule would be constitutionally condemned today under the Due Process Clause. Is what happened here any more defensible? I think not. In a related context, we have held that a husband’s political opinion cannot be automatically attributed to his wife. Forbes v. Arkansas Educational Television Comm’n, 93 F.3d 497, 501-02 (8th Cir.1996) (“We do not think any general inference can be drawn from the opinion of one spouse to that of the other.”), cert. granted on other grounds, — U.S. -, 117 S.Ct. 1243, 137 L.Ed.2d 326 (1997).
The District Court’s opinion, quoted ante at 634, says that the City had “a legitimate, good faith belief that plaintiff, with his family, was ... conspiring to bribe the Chief of Police.” This would doubtless make the case quite different. A city is entitled to have police officers in its employ who are not conspiring to bribe the Chief. A reasonable belief that an officer is conniving at such conduct would certainly be a rational, non-arbitrary basis for discharge. But what is the evidence for this statement (aside from the bare fact of the marital relationship)? The District Court cited none, this Court cites none, and I know of none.
I respectfully dissent.
ORDER
March 6, 1998
The panel grants the petition for rehearing filed by appellant Singleton. The grant of rehearing by the panel moots Singleton’s suggestion for rehearing en banc and no action will be taken on the suggestion.
The Court’s opinion and judgment filed January 8,1998, are vacated.